OPINION *Page 2 
{¶ 1} Appellant Anthony Jerome Hall appeals from his sentence and conviction imposed in the Richland County Court of Common Pleas. Appellant was convicted of abduction and aggravated burglary, and the trial court sentenced appellant to ten years in prison. The State of Ohio is the appellee.
 {¶ 2} Fifteen-year-old Jamie King lived with her parents, brother and daughter at 7 Stoodt Court in Mansfield, Ohio. At least, three men lived next door. Ms. King and her family knew two of the men as "Truck" and "Little Dog." T. at 24, 37. Ms. King saw Truck daily. T. at 24. Ms. King knew Truck had two girlfriends. T. at 28. One of his girlfriends was Melissa Kirkpatrick, a friend of Ms. King's. Id. The other girlfriend was Jennifer McClain. Id. Ms. King knew Ms. McClain drove a purple car and sometimes Truck drove it. T. at 28, 56.
 {¶ 3} On one occasion, Truck came into the King home and threatened one of Ms. King's friends with a gun. T. at 25. Mrs. King also witnessed this incident and identified Truck as the individual with the gun. T. at 91.
 {¶ 4} At some point, Truck gave Ms. King's brother a gun to defend himself. T. at 91. Truck came to the King home at another point to get the gun from Ms. King's brother. Id. Truck was unable to find the gun[1] and left. Id.
 {¶ 5} On January 24, 2006 at approximately 4:30 p.m., Ms. King was home alone with her infant daughter. T. at 25. Truck walked into the King home without knocking, invitation or permission. T. at 26-27. Truck asked Ms. King, "Are you gonna stay out my business?' T. at 26. Ms. King said, "No." Id. *Page 3 
 {¶ 6} Truck then pushed Ms. King onto the couch. T. at 26. He pulled her pants down which ripped her belt and pulled her underwear down. T. at 26, 51. Truck stated, "I'm gonna take it from you. I'm gonna take it from you." T. at 26. Truck got off of Ms. King to look out a window. T. at 63. Ms. King ran outside. Id. She ran next door and stood on the porch of Ms. Figures. T. 71. Ms King appeared scared and upset. T. at 72. Ms. King ran off and called the 9-1-1 from the Papa John's parking lot T. at 51.
 {¶ 7} The police arrived. Officer Kiner of the Mansfield Police Department interviewed Ms. King. He noticed a torn belt in the living room, but he did not take it into evidence. T. at 123-124. Ms. King told Officer Kiner her attacker was Truck. T. at 129. Officer Scheurer, Officer Kiner's training officer, also heard Ms. King identify Truck as her attacker. T. at 138.
 {¶ 8} Det. Schmidt came to see Ms. King to follow up on the initial investigation. He created a photo lineup and took it to Ms. King. T. at 149. Ms. King did not pick anyone in the photo lineup. T. at 150. At this point, Det. Schmidt began investigating the location of Truck's girlfriend, Jennifer McClain, and finding her purple car. T. at 152. Det. Schmidt found the vehicle and obtained an address on Ms. McClain. Id. Det. Schmidt had the vehicle watched and he contacted the Lexington Police Department. T. at 153. The Lexington Police stopped the car and found out Ms. McClain's boyfriend was named Anthony Hall. T. at 154. Det. Schmidt then created a second photo lineup which included a picture of Anthony Hall. Id. Det. Schmidt took the lineup to the King home and Ms. King identified the person they knew as Truck, who was Anthony Hall, from the photo lineup. T. at 155 *Page 4 
 {¶ 9} The Richland County Grand Jury indicted appellant on one count of attempted rape, one count of aggravated burglary and one count of abduction.
 {¶ 10} The trial court conducted a jury trial. The jury found appellant guilty of one count of abduction and one count of aggravated burglary. The jury acquitted appellant on the attempted rape charge.
 {¶ 11} The trial court sentenced appellant to ten years on the aggravated burglary charge and two years on the abduction charge to be served concurrently for a total of ten years in prison.
 {¶ 12} Appellant raises two Assignments of Error:
 {¶ 13} "I. APPELLANT WAS DEPRIVED OF DUE PROCESS AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTIONS, AS A RESULT OF THE INEFFECTIVE ASSISTANCE OF COUNSEL ARISING FROM COUNSEL'S FAILURE TO EFFECTIVELY OBJECT TO OR LIMIT PREJUDICIAL "OTHER ACTS" EVIDENCE; OR IN THE ALTERNATIVE, THAT IT WAS PLAIN ERROR TO PERMIT THE STATE'S GRATUITOUS USE OF SUCH EVIDENCE."
 {¶ 14} "II. APPELLANT'S CONVICTION ON THE CHARGES OF ABDUCTION AND AGGRAVATED BURGLARY ARE CONTRARY TO THE MANIFEST WEIGHT OF EVIDENCE PRESENTED AT TRIAL, THUS DENYING APPELLANT OF A FAIR TRIAL AND DUE PROCESS OF LAW." *Page 5 
 I. {¶ 15} In this first assignment of error, Appellant argues that his trial counsel was ineffective for failing to object to "other acts" evidence or that the trial court committed plain error in allowing the "other acts" evidence into trial.
 {¶ 16} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 17} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267.
 {¶ 18} The failure to object is not a per se indicator of ineffective assistance of counsel, because counsel may refuse to object for tactical reasons. State v. Gumm *Page 6 
(1995), 73 Ohio St.3d 413, 428, 653 N.E. 2d 253. The testimony appellant objects to relates to the identification of Ms. King's attacker. Evid.R. 404(B) provides for an exception when the prosecution seeks to introduce evidence of other bad acts not to show the accused's character or his criminal propensity, but to establish an element of the crime or a material fact issue, such as identity.
 {¶ 19} Appellant challenges the testimony of Ms. King and her mother regarding Truck's entrance into the King home on two prior occasions. Both of these incidents go to Ms. King's identification of Truck. Appellant also objects to the testimony regarding neighbors shooting at the house and illegal drug activity. This testimony was not specific to the appellant. Appellant's trial counsel attempted to use the testimony regarding the other acts to argue that Little Dog or other neighbors committed the crime and the kind of neighborhood the victim lived in. T. at 213-214. This is clearly a trial strategy and falls within a tactical decision made by an attorney.
 {¶ 20} Appellant next argues that it was plain error for the trial court to admit the other acts. Because much of the testimony appellant cites as prejudicial goes to identifying appellant, it is not plain error. Further, it is apparent that the trial court was weighing the nature of the evidence. The trial court gave the jury a limiting instruction regarding the neighborhood drug activity. T. at 156-157. The trial court was thorough in explaining that the evidence was "part of the context in which this case in investigated * * * [i]t is very important that you require the prosecutor to prove the specific crimes charged and not be quicker to do that because of there are allegations of other unsavory activity around the address." Id. *Page 7 
 {¶ 21} A jury is presumed to follow instructions given to them by the trial judge. State v. Garner, 74 Ohio St.3d 49, 1995-Ohio-168.
 {¶ 22} Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 23} In his second assignment of error, Appellant argues the trial court's finding of guilty was against the manifest weight of the evidence. We disagree.
 {¶ 24} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 25} Appellant argues the conviction of abduction in violation of R.C. 2905.02 is against the manifest weight of the evidence. R.C.2905.02 states: "(A) No person, without privilege to do so, shall knowingly . . . (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear." *Page 8 
 {¶ 26} Ms. King testified that Truck entered her home without invitation or permission. T. at 26-27. He pushed her down onto the couch and held her down. T. at 26. He ripped her pants down. Id. He bit her arm. Id. Ms. Figures testified that Ms. King was scared and upset. T. at 72. Accordingly, the evidence supports a conviction on the abduction charge.
 {¶ 27} Appellant next argues that the conviction for aggravated burglary was against the weight of the evidence. R.C. 2911.11 states in relevant part: "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if . . . (1) The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 28} The evidence supporting the abduction conviction dove tails into the elements of aggravated burglary. Truck entered the home without permission. He abducted Ms. King by holding her down against her will. Truck stated, "I'm gonna take it from you." T. at 26. This evidence supports a conviction on the aggravated burglary charge.
 {¶ 29} Accordingly, assignment of error two is overruled. *Page 9 
 {¶ 30} The judgment of the Richland County Common Pleas Court is affirmed.
 Delaney, J. Farmer, P.J. and Edwards, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] It should be noted that Ms. King's mother found the weapon and removed it from the home. She eventually turned the gun into the police. T. at 93. *Page 1